UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVONNE WILLIAMS,
DEMARKO WILLIAMS,

    Plaintiff,

v.

CASE NO. 15-CV-13798
HONORABLE GEORGE CARAM STEEH

DETROIT PROGRESS FUND, III,
et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND (Doc. 9)

Pro se plaintiffs, Lavonne Williams and her son Demarko Williams, allege race discrimination in the land contract purchase of their house in Detroit under various federal statutes, including 42 U.S.C. §§ 1981, 1985(3), and the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b). Plaintiffs also allege breach of contract. By prior order of the court, plaintiffs' § 1983 claim was dismissed for failure to allege state action. Defendant Detroit Progress Fund III was the seller, and it is unclear from the Complaint what role, if any, the other defendants played in the land purchase. Now before the court is plaintiffs' motion to amend to add Dawood S. Dawood as a defendant. Plaintiffs allege that Dawood was the notary public on the sale of their home. He was the notary public on their land contract and possibly the quitclaim deed. (Doc. 1). Plaintiffs allege that Dawood allowed others to misuse his notary public seal to discriminate against them based on race. They further allege that Dawood wrongfully concealed the true ownership of defendants Detroit Progress Fund and Apex Management Group Inc. In

-1-

ruling on their motion, the court is mindful that pro se litigants are held to a less stringent standard than an attorney, and their papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even under this liberal standard, plaintiffs' motion to amend shall be denied as futile as it could not survive a motion to dismiss.

## STANDARD OF REVIEW

The standard for granting leave to amend is set forth at Federal Rule of Civil Procedure 15(a), which provides that "leave shall be freely granted when justice so requires." The Supreme Court has explained that courts may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for determining futility is whether the amendment could withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must allege sufficient facts to make their alleged legal conclusions plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## ANALYSIS

Plaintiffs do not specify which claims they seek to pursue against Dawood, but state only generally that they wish to add him as a defendant. In contravention of Local

Rule 15.1, plaintiffs have failed to attach the proposed amended complaint to their motion so it is impossible to know which claims plaintiffs intend to pursue against Dawood. Given the rule that courts construe pro se filings liberally, however, the court excuses plaintiffs' procedural error, and evaluates whether their allegations against Dawood are sufficient to state a plausible claim under any of the statutes or common law claims pled in the original complaint. For the reasons set forth below, plaintiffs have failed to show any plausible claims against Dawood.

First, the court considers whether a viable breach of contract claim may lie against Dawood based on the allegations in the motion to amend, and finds that it may not. There was no contract between plaintiffs and Dawood. For the same reason, plaintiffs have no viable § 1981 claim against Dawood either. Section 1981 prohibits discrimination in the making of public and private contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). As plaintiffs do not allege that Dawood entered into any contract with them, they have failed to allege a viable § 1981 claim against him.

Second, the court considers whether plaintiffs have alleged a viable claim against Dawood under § 1985(3). To state such a claim, a plaintiff must prove "1) a conspiracy; 2) for [the] purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Riddle v. Egensperger*, 266 F.3d 542, 549 (6th Cir. 2001) (citations omitted). The plaintiff must also "establish that the conspiracy was motivated by class-based animus." *Hohson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).

Plaintiffs' motion to amend is confusing at best. Specifically, the motion states: "[t]hat Dawood S. Dawood has knowingly, conspired with the other defendants i.e. Detroit Progress Fund III, et al., to violate the plaintiff's civil rights to wit: (A) Allowing the other defendants to misuse his her "Notary Public Seal" in the Sales/purchase of homes, properties under "False" misleading, Fake duping, Racial Discrimination, Schemes, and the creation of an Alternative Business Acct. known as Apex Management Group Inc. to continue to Swindle plaintiff out of monies, causing Emotional distress and Mental Anguish etc." (Doc. 9 at 1-2). The motion further alleges "that Dawood S. Dawood, with a deliberate intent to conceal the true ownership of said businesses i.e. Detroit Progress Fund III along with Apex Management Group Inc. and other unknown businesses . . . to avoid the payment of both State and Federal Taxes, Fees, Real Estate . . etc., Malfeasance by a Notary Public Misfeasence in plaintiffs "Land Contract" purchase. Nonfeasance in the Quick Claim Deed process filings of Ownership." *Id.* at 2. These allegations are mostly incoherent and undecipherable. Although plaintiff alleges generally that Dawood conspired with other defendants to discriminate on the basis of race, the proposed amendment is lacking in sufficient factual detail to survive a motion to dismiss. The mere fact that an individual applies his notary seal to a housing document, like a land contract or quitclaim deed, does not imply that he is part of a conspiracy to charge inflated prices for housing to African Americans. These naked allegations are insufficient to state a claim under § 1985(3).

Finally, the court considers whether plaintiffs have sufficiently pled a cause of action under the FHA. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling ... because of race." 42

…

U.S.C. § 3604(b). *See Graoch Associates # 33, L.P. v. Louisville/Jefferson Cty. Metro Human Relations Comm'n*, 508 F.3d 366, 374 (6th Cir. 2007). Plaintiffs allege that Dawood allowed others to misuse his notary seal, but that is insufficient to plead a viable claim under the FHA, where, as here, there is no allegation of intentional discrimination on the part of Dawood. Merely applying one's notary seal to a land contract does not give rise to liability for alleged race discrimination in housing. In sum, having found that the amendment sought to add Dawood as a defendant would be futile and fails to state a plausible claim, plaintiff's motion to amend (Doc. 9) is DENIED.

**IT IS SO ORDERED**.

Dated: March 17, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 17, 2016, by electronic and/or ordinary mail and also on Demarko Williams, 18978 Evergreen, Detroit, MI 48219 and Lavonne Williams, 18978 Evergreen, Detroit, MI 48219.

s/Barbara Radke
Deputy Clerk