UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVONNE WILLIAMS and
DEMARKO WILLIAMS,

        Plaintiff,        CASE NO. 15-CV-13798
v.        HON. GEORGE CARAM STEEH

DETROIT PROGRESS FUND, III,
et al.,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 12)**

Plaintiff Lavonne Williams and her son Demarko Williams filed a pro se complaint alleging that defendants Detroit Progress Fund, III, Karala R. Ahmet, Edward Azar, David Pakhchanian, and David Puto racially discriminated against them in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b). Plaintiff Lavonne Williams purchased a home from Detroit Progress Fund, III, and it is unclear what role, if any, the other defendants played in the sale. On May 12, 2016, an attorney entered an appearance on behalf of plaintiff Demarko Williams only. Now before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiffs have not responded to the motion, and the time period for doing so has expired. The court shall decide the matter based on the written submissions and no oral argument shall be heard pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion shall be granted.

## A. Background

Because the court is deciding a motion for judgment on the pleadings, the facts set forth here are those alleged in the Complaint. On or about October 30, 2014, plaintiff Lavonne Williams entered into a Land Contract with defendant Detroit Progress Fund III whereby she purchased the property located at 18978 Evergreen in the City of Detroit for a total price of $8,000.00. Later, plaintiff Lavonne Williams contacted the defendant David Pakhchanian and staff regarding plaintiff's present insurance policies and structural damage coverage. Plaintiff Lavonne Williams was acknowledged with "racial epithets of 'you people always attempting to get "free" money'" and subsequently stopped making the monthly payments set forth in the Land Contract.

Plaintiffs allege that defendant Pakhchanian and his staff sent threatening messages "via an 'unknown man' regarding evictions, court, etc.," who would come to the house demanding cash monies from plaintiffs on behalf of defendant Detroit Progress Fund III. Plaintiffs allege "[s]everal acts of attempted intimidation . . . profanity, rude [and] abusive racial language . . . [and that] racial epithets became the dialogue of [the] company's structure and reflect its moral turpitude of conducting business in the Afro. American culture." Plaintiffs further allege that "these defendants' actions give off the 'blatant appearance' of massive racial discrimination in business, i.e. real estate sales to naive Afro Americans without the 'fair market' pricing in these homes worth one (1) dollar and sold for $8,000.00 and more."

On December 22, 2015, this court performed a sua sponte review of plaintiffs' Complaint to determine its merits. This court dismissed all claims other than the 42 U.S.C. § 3604(b) claim.

**B. Standard of Law**

In ruling on the motion, the court is mindful that pro se litigants are held to a less stringent standard than an attorney, and their papers shall be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and a court may not rewrite a complaint to include claims that were never presented. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Pro se plaintiffs must meet the basic pleading requirements, and "trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The same standard applies to Rule 12(c) motions as motions to dismiss under Rule 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Under either Rule, the court must make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. However, "a legal conclusion couched as a factual allegation" is not entitled to the assumption of truth at the motion to dismiss stage. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). In other words, "'[n]aked assertions' devoid of 'further factual enhancement' are insufficient to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss,

plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### C. Analysis

As a preliminary matter, it should be noted that because Demarko Williams was not a purchaser under the Land Contract, he does not have standing to allege a FHA claim.  The court will proceed with its analysis of Lavonne Williams's claim only.

42 U.S.C. § 3604(b) prohibits discrimination in the terms, conditions, or privileges of sale of a dwelling.  However, the allegations in plaintiff's Complaint largely concern the parties' dealings after the sale rather than the terms, conditions, or privileges of the Land Contract.  Even when accepted as true, the allegation that defendants used racial epithets against plaintiff does not establish a violation of the Fair Housing Act.  In fact, none of the allegations concerning defendants' interference with plaintiff's rights under the Land Contract are based on any type of discrimination.  For example, plaintiff claims that she was duped into purchasing a property that the seller did not own so that defendants could avoid paying taxes.  Plaintiff also claims that health hazards exist at the property.  Additionally, plaintiff claims that defendants refused to give Demarko Williams proof of insurance.  Even if true, none of these allegations support plaintiff's

claim that defendants violated the Fair Housing Act by racially discriminating against her in the terms, conditions, or privileges of the Land Contract.

Plaintiff's only allegation regarding the terms, conditions, or privileges of the contract is that defendants charged $8,000.00 for the property that plaintiff believes is worth only $1.00. Plaintiff's claim is akin to a fraud claim, not a claim of discrimination. Also, plaintiff's allegation that the property in question is only worth $1.00 is not a plausible factual allegation. Moreover, there are no allegations that non-minorities were offered lower prices for the same property.

Whether brought under the FHA or 42 U.S.C. §§ 1981 or 1982, federal housing-discrimination claims are generally analyzed under the *McDonnell Douglas/Burdine* analysis. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (citing *Mencer v. Princeton Square Apts.*, 228 F.3d 631 (6th Cir. 2000); *Selden Apts. v. U.S. Dep't of Housing and Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986)). A plaintiff alleging racial discrimination in housing must make out a prima facie case by showing "'(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter.'" *Id.* (quoting *Mencer*, 228 F.3d at 634-35). Plaintiff's claim that defendant charged her an inflated price for housing because she is African American does not resemble the type of situation contemplated by the *McDonnell Douglas/Burdine* framework for a housing-discrimination case.

Furthermore, this broad, conclusory allegation does not suffice to serve as the basis of plaintiff's case. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir.


2012) ("[B]road and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims."). Plaintiff's allegation appears to be a "legal conclusion couched as a factual allegation," which the court need not accept as true. *Hensley Mfg.*, 579 F.3d at 609. Without providing facts to support this naked assertion, plaintiff has failed to plead a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555.

### D. Conclusion

For the reasons set forth above, defendants' motion for judgment on the pleadings (Doc. 12) is GRANTED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: July 13, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 13, 2016, by electronic and/or ordinary mail and also on Lavonne Williams and Demarko Williams, 18978 Evergreen, Detroit, MI 48219.

s/Barbara Radke
Deputy Clerk

---